# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**RUDY KING VALDESPINO,**

      **Petitioner,**

**v.**                                                  **No. CIV. 09-548 RB/ACT**

**GEORGE TAPIA, Warden**

      **Respondent.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Petitioner Rudy King Valdespino's Petition for Writ of Habeas Corpus filed May 29, 2009 [Doc. No. 1].  Respondent George Tapia, Warden, filed an Answer on July 16, 2009 [Doc. No. 7]. This matter further comes before the Court on Petitioner's Motion for Default Judgment filed July 30, 2009 [Doc. No. 8].  Respondent did not file a response. This case was referred to the undersigned United States Magistrate Judge on June 10, 2009, to submit proposed findings of fact and recommendation for the disposition of this case pursuant to 28 U.S.C. §636(b)(1) [Doc. No. 3].  Having reviewed the Petition for Writ of Habeas Corpus, Respondent's Answer, and the applicable law, this Court recommends that Petitioner's Petition for Writ of Habeas Corpus be dismissed without prejudice.  Having reviewed Petitioner's Motion for Default Judgment and the applicable law this Court recommends that Petitioner's Motion be denied.

## BACKGROUND

    1. This is a *pro se, in forma pauperis* Petition for Writ of Habeas Corpus brought under 28 U.S.C. §2254 and 28 U.S.C. §1915 by Petitioner Rudy King Valdespino.  On May 29, 2009, Petitioner filed his Petition alleging that Respondent violated his rights. Employing a liberal reading

of the Petition, Petitioner appears to allege that Respondent neglected his medical care regarding his hypertension and a dislocated finger; that Respondent provided inadequate treatment for his mental health condition; that Petitioner was confined in Level 5 or 6 without sufficient reason; that Petitioner is written up for any reason or Respondent finds a reason; that Petitioner should be placed in an institution for mental illness; and that the Department of Corrections has calculated his sentence incorrectly by failing to account for the time he was held in a county facility.  Respondent asks that the Petition be denied and dismissed without prejudice for failure to exhaust all available administrative and state court remedies.

2. On July 30, 2009, Petitioner filed a Motion for a Default Judgment against Respondent claiming that Respondent's Answer was not timely filed.

## **PROPOSED FINDINGS**

3. Claims based on allegations of unconstitutional conditions of confinement such as medical mistreatment and administrative infractions are not cognizable in a habeas corpus proceeding. *See Nelson v. Campbell,* 541 U.S. 637, 643 (2004) (*citing* 42 U.S.C. §1983 and *Preiser v. Rodriguez,* 411 U.S. 475, 489 (1973)). With the exception of Petitioner's claim regarding the calculation of his sentence discussed *infra*, all of Petitioner's claims are either claims of medical mistreatment or administrative infraction.  Accordingly, these claims must be raised in an action under 42 U.S.C. §1983. *See Boyce v. Ashcroft,* 251 F.3d 911, 914 (10th Cir. 2001); *United States v. Sisneros*, 599 F.2d 946, 947 (10th Cir. 1979).

4. Regarding Petitioner's claim that his sentence was incorrectly calculated because the time he was held in a county facility was not accounted for, this claim is construed pursuant to 28 U.S.C. §2241. *See Frey v. Adams County Court Services,* 267 F.Appx. 811, 813 (10th Cir. 2008). Before pursuing a claim regarding the length of prison confinement, a Petitioner must first exhaust all

available state court remedies. *Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000); *Harmon v. Booher,* 2000 WL 1709176 at 2 (10th Cir.). Respondent contends and Petitioner does not dispute that Petitioner has not exhausted available state court remedies, and, accordingly, this claim should be dismissed without prejudice.

5. Regarding Petitioner's Motion for Default Judgment, Respondent's Answer was filed on July 16, 2009, which is within the thirty (30) days required in the Order filed June 16, 2009. [Doc. No. 5].

### RECOMMENDED DISPOSITION

This Court recommends that Petitioner's §1983 claims be dismissed without prejudice as not cognizable in a habeas corpus proceeding and that otherwise the Petition be dismissed without prejudice for failure to exhaust state court remedies. This Court further recommends that Petitioner's Motion for Default Judgment be denied.

**Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)©. Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)©, file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.**

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**